UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RENATO R. RITTER; PATRICIA M. RITTER,<br><br>         Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC.; RECONTRUST COMPANY, N.A.; NATIONAL DEFAULT SERVICING CORPORATION; LITTON LOAN SERVICING; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK; DOES I-X; ROES I-X; Inclusive,<br><br>         Defendants. | Case No.: 2:10-cv-00634-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion for Temporary Restraining Order–#5) |

    Before the Court is Plaintiffs Renato and Patricia Ritter's *ex parte* **Motion for Temporary Restraining Order** (#5), filed June 3, 2010.

### BACKGROUND

    Plaintiffs' counsel filed this Motion last night, June 3, in an attempt to prevent the sale of their house at 8190 Cassian Court, Las Vegas, Nevada, in a non-judicial foreclosure

1

AO 72
(Rev. 8/82)

proceeding scheduled for today, June 4.[1] Plaintiffs, the Ritters, admit they are parties to a mortgage obligation and have lived in the house "for a number of years," but do not state when they entered into the loan. The Ritters allege that Defendant National Default Servicing Corporation instituted the foreclosure proceeding on the house, that the relevant deed of trust names Mortgage Electronic Registration Systems as a beneficiary, and that Defendant Litton Loan Servicing was named as the lender in the loan transaction. (Dkt. #1, Compl. ¶¶ D, 1, 16.) "However," the Ritters allege, "upon information and belief, the true lender was the New York (or other location) investor, and investors, who purchased the securitized instruments promoted by Wall Street investment bankers." (*Id.*) This assertion is one of many made only "upon information and belief" in the Ritters' Complaint, in which the Ritters claim that they "have no idea whom, [*sic*] if anyone, is the true holder in due course (if there is one) of the note related to the property[;]" and that none of the Defendants have standing in connection with the loan transaction because they cannot "show the entire chain of title of the notes and the entire chain of title of the deeds of trust." (*Id.* ¶¶ 23, 25.)

In their Complaint, the Ritters allege the following causes of action: (1) misrepresentation and fraud by omission; (2) quiet title; (3) tortious breach of the implied duty of good faith and fair dealing; (4) civil conspiracy; (5) unjust enrichment; and (6) declaratory relief. In the Motion before the Court, the Ritters request an order "staying any and all foreclosure actions and any an all Unlawful Detainer or Eviction actions ... until such time as the merits of the case can be heard and adjudicated by this Court." (Mot. 4.)

The Court is troubled by Las Vegas' ongoing foreclosure crisis and is sympathetic towards the Ritters and all others negatively affected by it. But for the reasons given below, the Court concludes the Ritters' Motion for a Temporary Restraining Order does not come even remotely close to satisfying the standard governing such relief, and denies the Motion.

---

[1] Plaintiffs' counsel's timing in this Motion is as it was when he filed their Complaint on May 3, 2010, to prevent a trustee's sale of the house then scheduled for May 4.

AO 72
(Rev. 8/82)

## DISCUSSION

In order to obtain a temporary restraining order or a preliminary injunction, plaintiffs must establish that: (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008)).

The Ritters have failed to show they are likely to succeed on the merits on any of their causes of action. Both their Complaint and this Motion are almost totally devoid of actual factual allegations not made "upon information and belief," let alone facts that support the causes of action they allege and show a likelihood of success.

Under Rule 9(b) of the Federal Rules of Civil Procedure parties alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456 n.1 (Nev. 1994). Rule 9(b)'s heightened pleading standard applies to claims for fraud, intentional misrepresentation, and negligent misrepresentation. *See G.K. Las Vegas Ltd. Partnership v. Simon Prop. Group*, 460 F. Supp. 2d 1222, 1244 (D. Nev. 2006). The Ritters have provided no such particularity in their fraud claim, let alone showing in this Motion that they are likely to succeed on that claim.

The Ritters have also failed to show they are likely to succeed on their remaining causes of action—quiet title, tortious breach of the implied duty of good faith and fair dealing, civil conspiracy, unjust enrichment, and declaratory relief. Their allegations are conclusory and speculative. To support this Motion, the Ritters do not even provide the Court with a copy of the promissory note or the deed of trust, or any other evidence except for a vague diagram, apparently created by counsel, attempting to show that various parties connected to mortgages are not parties

AO 72
(Rev. 8/82)

of interest but are mere "middlemen." The Ritters have in no way shown they are entitled to the relief they seek.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Temporary Restraining Order (#5) is DENIED.

Dated: June 4, 2010.

_____
ROGER L. HUNT
Chief United States District Judge