# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RENATO R. RITTER; PATRICIA M. RITTER,<br><br>  Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC.; RECONTRUST COMPANY, N.A.; NATIONAL DEFAULT SERVICING CORPORATION; LITTON LOAN SERVICING; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK; DOES I-X; ROES I-X; Inclusive,<br><br>  Defendants. | Case No.: 2:10-cv-00634-RLH-RJJ<br><br>**O R D E R**<br><br>(Second Motion for Temporary Restraining Order–#19) |

Before the Court is Plaintiffs Renato and Patricia Ritter's *ex parte* **Second Motion for Temporary Restraining Order** ("TRO") (#19), filed September 21, 2010.

## BACKGROUND

This dispute arises from Plaintiffs' allegations that their mortgage lenders committed illegal acts and are now attempting to wrongfully foreclose upon their property located at 8190 Cassian Court, Las Vegas, Nevada. Plaintiffs admit they are parties to a mortgage

AO 72
(Rev. 8/82)

1

1  obligation and have lived in the house for a number of years, but now allege, "upon information
2  and belief, the true lender was the New York (or other location) investor, and investors, who
3  purchased the securitized instruments promoted by Wall Street investment bankers." (Dkt. #1,
4  Compl. ¶¶ D, 1, 16.) Plaintiffs claim they "have no idea whom, [*sic*] if anyone, is the true holder
5  in due course (if there is one) of the note related to the property[;]" and that none of the
6  Defendants have standing in connection with the loan transaction because they cannot "show the
7  entire chain of title of the notes and the entire chain of title of the deeds of trust." (*Id.* ¶¶ 23, 25.)

8        On May 3, 2010, Plaintiffs commenced this action. On June 3, one day before a
9  scheduled foreclosure sale, Plaintiffs filed their first *ex parte* TRO motion requesting an order
10 staying any foreclosure actions, unlawful detainer, or eviction actions. The Court denied the
11 motion because Plaintiffs' factual allegations failed to demonstrate a likelihood of success. (Dkt.
12 #6, Order, June 4, 2010.) Since then, Plaintiffs have yet to file proof of service of Defendants,
13 despite having received additional time to do so until September 10. (Dkt. #18, Order granting
14 Dkt. #17, Pl.'s 2nd Emerg. Mot. to Extend Time.)

15       Plaintiffs' counsel, Jeffrey D. Conway, has now filed a second *ex parte* TRO
16 motion in an attempt to prevent the sale of their house in a non-judicial foreclosure sale scheduled
17 for "May 3, 2010." (Dkt. 19, Pl.'s Mot. ¶ 2.) Mr. Conway claims this second motion is based
18 upon new case law in Plaintiffs' favor and additional facts. For the reasons stated in the June 4
19 Order and the additional reasons given below, the Court denies Plaintiffs' second TRO motion.

20 **DISCUSSION**

21       As a preliminary matter, the Court notes that Mr. Conway requests injunctive relief
22 on a foreclosure sale that would have occurred over four months ago on May 3, 2010. The Court
23 could therefore deny the motion as moot. Nevertheless, the Court will address the merits of the
24 motion as if the foreclosure sale is scheduled to occur on a future date rather than delaying the
25 discussion until Mr. Conway files an inevitable third emergency TRO motion.
26 /

2

## I.     TRO Motion

Under Rule 65(b) of the Federal Rules of Civil Procedure, plaintiffs seeking a temporary restraining order must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). Applying *Winter*, the Ninth Circuit has since held that, to the extent previous cases suggested a lesser standard, "they are no longer controlling, or even viable." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Thus, a party must satisfy each of these four requirements.

### A.     Ex Parte Relief

Local Rule 7-5 states, "[a]ll *ex parte* motions applications or requests shall contain a statement showing good cause why the matter was submitted to the court without notice to all parties, [and] [a]ll *ex parte* matters shall state the efforts made to obtain a stipulation and why a stipulation was not obtained." Furthermore, the standard for obtaining *ex parte* relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The Court will only issue an *ex parte* TRO where it appears there would be an irreparable injury before the responding party can be heard. Fed. R. Civ. P. 65(b)(1)(A). In reality, a TRO is a temporary preliminary injunction issued for a limited period of time until the time when the opposing party has an opportunity to be heard. Rule 65's stringent restrictions on *ex parte* relief "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974).

In this case, Plaintiffs have had ample time—over four months—to notify Defendants of their claims and give them an opportunity to be heard before the Court. Mr. Conway states, "Plaintiffs have given notice of this Motion to Defendant National Default Servicing Corporation, purported trustee, and acted diligently in this matter." (Dkt. #19, Mot. ¶

3

1  17.) This conclusory statement does not satisfy Local Rule 7-5(a)'s requirement for a statement
2  "*showing good cause why* the matter was submitted to the court without notice to *all parties*"
3  (emphasis added) because it fails to state the reason for the *ex parte* filing or list each Defendant.
4  The Court cannot infer good cause or notice to all parties from this statement.  In addition, Mr.
5  Conway fails to show any efforts to obtain a stipulation pursuant to Local Rule 7-5(b) by stating
6  Plaintiffs have "acted diligently."  The Court notes that diligent litigants and their counsel do not
7  fail to comply with court orders, the Federal Rules of Civil Procedure, or the Local Rules.
8  Accordingly, the Court finds that Plaintiff has not met his burden in submitting the filing under *ex*
9  *parte* seal.  The Court therefore orders the Clerk of the Court to unseal the documents.

10  **B.     New Case Law**

11  Mr. Conway argues that "an ever-expanding body of case law establish[es] that a
12  party cannot foreclose without being able to establish, by copies of note transfers, that it is in fact
13  the holder in due course of the underlying note." (Dkt. #19, Mot. ¶ 3.)  Specifically, Mr. Conway
14  states that cases from California, Maine, and Arkansas (among others) support his position that
15  Defendants must show Plaintiffs they are the current holders of Plaintiffs' note as a prerequisite to
16  foreclosure.  (*Id.* ¶ 8.)  This argument presents two serious problems.  First, as all capable
17  attorneys know, the Court is not bound by state court or bankruptcy cases from California, Maine,
18  Arkansas, or any other state.  Perhaps if these cases interpreted Nevada foreclosure law, which
19  governs Plaintiffs' property, the Court could assess their persuasive value.  However, the cases Mr.
20  Conway cites do not interpret Nevada law.  Second, and more importantly, the ever-expanding
21  body of case law within this district holds that the Nevada law governing nonjudicial foreclosure,
22  NRS § 107.080, does not require a lender to produce the original note as a prerequisite to
23  /
24  /
25  /
26  /

1  nonjudicial foreclosure proceedings.  *See Weingartner v. Chase Home Finance, LLC*, 702

2  F.Supp.2d 1276, 1280 (D. Nev. 2010).[1]

3        Mr. Conway incorrectly argues that *Mortgage Electronic Registration Systems, Inc.*

4  *v. Chong* supports his argument that "'MERS' had no standing as a creditor to pursue its claim

5  against the property, due to inability to show a valid chain of title on transfers of the Note" (Dkt.

6  #19, Mot. ¶ 8). *Chong*, No. 2:09-cv-00661-KJD-LRL, 2009 WL 6524286 (D. Nev. Dec. 4, 2009).

7  Mr. Conway misinterprets the court's distinction between standing to lift an automatic stay in a

8  bankruptcy proceeding and statutory authority to commence nonjudicial foreclosure proceedings.

9  In *Chong*, the court noted that under the Federal Rules of Bankruptcy Procedure and Local Rules,

10  "MERS must at least provide evidence of its alleged agency relationship with the real party in

11  interest in order to have standing to seek relief from stay." *Id.* (quoting *In re Jacobson,* 402 B.R.

12  359, 366 n.7 (Bankr. W.D. Wash. 2009) (internal quote omitted)); *see also, In re Mitchell*, 423

13  B.R. 914, 916 (D. Nev. 2009).  On the other hand, in cases such as *Weingartner* where

14  homeowners bring suit against their lenders and related entities, the court has consistently held that

15  NRS § 107.080 does not require MERS or any other similar entity to show it is the real party in

16  interest to pursue nonjudicial foreclosure actions. *See,* cases cited *supra* n.1.  The weight of

17  authority in this district clearly debunks this oftrepeated claim.  Plaintiffs have therefore failed to

18  carry their burden of showing they are likely to succeed in this action.  Accordingly, the Court

19  denies Plaintiffs' TRO Motion.

20  /

21  /

22  /

23

24  [1] *See also, Birkland v. Silver State Fin. Services, Inc.*, No. 2:10-cv-00035-KJD-LRL, 2010 WL 3419372 (D. Nev. Aug. 25, 2010); *Moon v. Countrywide Home Loans, Inc.*, No. 3:09-cv-00298-ECR-VPC, 2010 WL

25  522753 (D. Nev. Feb. 9, 2010); *Gomez v. Countrywide Bank, FSB.*, No. 2:09-cv-01489-RCJ-LRL, 2009 WL 3617650 (D. Nev. Oct.26, 2009), *Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009

26  WL 160241 (D. Nev. Jan. 22, 2009); *Wayne v. HomEq Servicing, Inc.*, No. 2:08-cv-00781 RCJ-LRL, 2008 WL 4642595 (D. Nev. Oct. 16, 2008).

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Emergency Motion for Temporary Restraining Order (#19) is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall unseal this motion as Plaintiffs have failed to comply with the *ex parte* requirements of Local Rule 7-5.

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated: September 23, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)